IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD M. SMITH, DONNA SMITH, DOUG SCHRIEBER, SUSAN SCHRIEBER, RODNEY A. HEISE, THOMAS J. WELSH, JAY LAKE, JULIE LAKE, KEITH BREHMER, and RON BRINKMAN,<br><br>    Plaintiffs,<br><br>v.<br><br>MITCH PARKER, In his official capacity as Chairman of the Omaha Tribal Council, BARRY WEBSTER, In his official capacity as Vice-Chairman of the Omaha Tribal Council, AMEN SHERIDAN, In his official capacity as Treasurer of the Omaha Tribal Council, RODNEY MORRIS, In his official capacity as Secretary of the Omaha Tribal Council, ORVILLE CAYOU, In his official capacity as Member of the Omaha Tribal Council, ELEANOR BAXTER, In her official capacity as Member of the Omaha Tribal Council, and ANSLEY GRIFFIN, In his official capacity as Member of the Omaha Tribal Council and as the Omaha Tribe's Director of Liquor Control.<br><br>    Defendants. | Case No. 4:07-cv-03101<br><br><br>FIRST AMENDED COMPLAINT |

## **PARTIES**

1. Plaintiffs[1] Richard M. Smith and Donna Smith are and were at all relevant times residents of Thurston County, Nebraska and the owners of Smitty City West, a convenience store

---

[1] Plaintiffs are collectively referred to as the "Liquor Retailers" or "Plaintiffs" throughout this Complaint.

in Pender, Thurston County, Nebraska which sells alcoholic beverages for off-premises consumption.

2. Plaintiffs Jay and Julie Lake are and were at all relevant times residents of Thurston County, Nebraska and the owners of Pender Lanes, a bowling alley in Pender, Thurston County, Nebraska which sells alcoholic beverages for on-premises and off-premises consumption.

3. Plaintiffs Doug and Susan Schrieber are and were at all relevant times residents of Thurston County, Nebraska and the owners of Schriebs Bar, a bar in Pender, Thurston County, Nebraska which sells alcoholic beverages for on-premises and off-premises consumption.

4. Plaintiff Thomas J. Welsh is and was at all relevant times a resident of Thurston County, Nebraska and the owner of Welsh's Bar, a bar in Pender, Thurston County, Nebraska which sells alcoholic beverages for on-premises and off-premises consumption.

5. Plaintiff Rodney A. Heise is and was at all relevant times a resident of Thurston County, Nebraska and the owner of the Other Side, a bar in Pender, Thurston County, Nebraska which sells alcoholic beverages for on-premises and off-premises consumption.

6. Plaintiff Keith Brehmer is and was at all relevant times a resident of Thurston County, Nebraska and the Commander of American Legion Post 55 and the Pender Veterans Club, a veterans club in Pender, Thurston County, Nebraska which sells alcoholic beverages for on-premises consumption.

7. Plaintiff Ron Brinkman is and was at all relevant times a resident of Thurston County, Nebraska and the President of the Board for the Twin Creeks Golf Club, a golf club in

Pender, Thurston County, Nebraska which sells alcoholic beverages for on-premises consumption.

8. Defendant Mitch Parker is Chairman of the Omaha Tribal Council and serves as administrative head of the Tribe.

9. Defendant Barry Webster is Vice-Chairman of the Omaha Tribal Council.

10. Defendant Amen Sheridan is Treasurer of the Omaha Tribal Council.

11. Defendant Rodney Morris is Secretary of the Omaha Tribal Council.

12. Defendant Orville Cayou is a Member of the Omaha Tribal Council.

13. Defendant Eleanor Baxter is a Member of the Omaha Tribal Council.

14. Defendant Ansley Griffin is a Member of the Omaha Tribal Council and the Omaha Tribe's Director of Liquor Control. As Director of Liquor Control, Griffin must review liquor licenses and applications and make reports to the Tribal council.

15. Defendants are all sued in their official capacities and Plaintiffs seek only prospective injunctive and declaratory relief.

## JURISDICTION AND VENUE

16. Plaintiffs bring this action under federal common law and also seek relief authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

17. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

18. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## INTRODUCTION

19. The Liquor Retailers' businesses are all located within the city of Pender, Thurston County, Nebraska.

20. Pender is a Village of approximately 1,300 residents in northeastern Nebraska and is governed by a Village Board of Trustees.

21. Pender, and the Liquor Retailers' businesses, are not located on any federally recognized Indian Reservation and are likewise not located in "Indian Country."

22. The Liquor Retailers neither purchase nor sell liquor received within the boundaries of the Omaha Reservation.

23. Despite their off-reservation location, Defendants are attempting to enforce the Omaha Tribe's liquor license and tax scheme on Plaintiffs' businesses.

24. Plaintiffs have not applied for a liquor license from the Omaha Tribe, nor have Plaintiffs paid any liquor taxes to the Omaha Tribe.

25. The Defendants threaten Plaintiffs with fines of $10,000 and Tribal Court enforcement proceedings unless Plaintiffs submit to the Tribe's liquor license and tax scheme.

26. Plaintiffs object to Defendants' attempt to regulate affairs of non-Indians on non-reservation lands in excess of their tribal authority under federal common law.

27. Plaintiffs bring this action to obtain declaratory and injunctive relief because the Defendants' attempts to enforce the liquor regulations against Plaintiffs exceed Tribal authority.

## FACTUAL ALLEGATIONS

**The Liquor License and Tax Scheme**

28. On February 28, 2006, the Secretary of the Interior approved amendments to Title 8 of the Omaha Tribal Code, known as the Alcoholic Beverage Control Title ("ABCT"). (The ABCT is attached hereto as Ex. 1.)

29. The purpose of the ABCT "is to govern the sale, possession and distribution of alcohol *within the Omaha Tribe's Indian Reservation*." (*Id.*, emphasis added.)

30. The ABCT requires the Omaha Tribe to appoint a Director of Liquor Control who "shall review liquor licenses, applications for liquor licenses and shall report to the Council on such matters." (*Id.*)

31. The ABCT licenses cost $500, $1,000, or $1,500, depending upon the class of license. (*Id.*, § 8-2-2.)

32. The ABCT also requires a ten percent sales tax on liquor sold by "any retail licensee licensed under the provisions of this Title." (*Id.*, § 8-3-1.)

33. Defendants have threatened $10,000 fines and Tribal Court enforcement proceedings against Plaintiffs if they fail to pay for a Tribal liquor license by January 1, 2007. (Exs. 1-2.)

34. Plaintiffs have not applied nor paid for a liquor license from the Omaha Tribe.

35. Plaintiffs have not paid any sales tax to the Omaha Tribe pursuant to the ABCT.

**The Location and Nature of the Liquor Retailers**

36. The Liquor Retailers are all located within the city limits of Pender, Thurston County, Nebraska.

37. The Liquor Retailers are not located on a federally recognized Indian reservation and do not sell liquor on any federally recognized Indian reservations as defined by the federal government.

38. The Liquor Retailers do not purchase their supply of liquor within the boundaries of any federally recognized Indian reservation.

39. None of the Liquor Retailers have intentionally conducted business with the Omaha Tribe or its members.

40. None of the Liquor Retailers have entered into contracts, or conducted formal business relations, with the Omaha Tribe.

41. None of the Plaintiffs are members of the Omaha Tribe.

**Pender's Location**

42. Pender is a town of approximately 1300 citizens located in Thurston County, in Northeast Nebraska.

43. Pender is situated on land which lies west of the Sioux City and Nebraska railroad right of way, as that term is defined in the 1882 Act of Congress (the "1882 Act").

44. The 1882 Act authorized the sale of part of the Omaha Indian Reservation west of the railroad right of way to homesteaders, including the lands on which the Liquor Retailers are currently located.

45. In the 1882 Act, the lands west of the railroad right of way were not held in trust for the Omaha Tribe but were instead opened up to non-Indian settlement.

46. The 1882 Act established a process whereby homesteaders obtained the land west of the railroad right of way directly from the United States government, with the proceeds credited to the Omaha Tribe. The land west of the railroad right of way was sold to and settled by non-Indians.

47. In the event that any homesteader defaulted on a payment, the land did not revert back to the Omaha Tribe, but was sold at public auction.

48. As a result of the 1882 Act, Pender is not part of any federally recognized Indian reservation.

49. Likewise, Pender is not part of "Indian country" because it is not a dependent Indian community, has not been set aside by the federal government for use by Indians as Indian land, and is not under federal superintendence.

50. The Omaha Tribe does not offer any tribal government services to its members in Pender nor does the Omaha Tribe exercise civil jurisdiction in Pender.

51. Pender is policed not by the Omaha Tribe, but by the Nebraska State Patrol and the Thurston County Sheriff.

52. Currently, there is virtually no allotment land and no Indian trust land west of the railroad right of way, as defined in the 1882 Act.

53. The Bureau of Indian Affairs, the United States Department of the Interior, the Thurston County District Court, and the Nebraska Attorney General have all determined that Pender is not part of the Omaha Indian Reservation due to its location west of the railroad right of way.

54. However, Defendants have treated Pender, and the Plaintiffs, as part of the Omaha Indian Reservation. (*See* Exs. 1-2.)

**FIRST CLAIM FOR RELIEF**
(Violation of 18 U.S.C. § 1161)

55. The allegations of paragraphs 1 through 54 are realleged by this reference.

56. 18 U.S.C. § 1161 permits the Omaha Tribe to regulate liquor sales on its reservation lands and in "Indian country."

57. Because Pender, and therefore the Liquor Retailers, are not located on reservation lands or in Indian country, Defendants have exceeded any authority granted to them under 18 U.S.C. § 1161.

## SECOND CLAIM FOR RELIEF
(Exceeding Tribal authority under Federal Common Law)

58. The allegations of paragraphs 1 through 54 are realleged by this reference.

59. Pender, and the Liquor Retailers, are not located within the boundaries of the Omaha Indian Reservation.

60. Defendants' attempt to enforce the ABCT on Plaintiffs is an act in excess of Tribal authority and thus a violation of federal common law as set forth by the Supreme Court.

WHEREFORE, the Plaintiffs request that this Court (1) enter judgment declaring that Pender is not within the boundaries of the Omaha Indian Reservation and that Defendants may not lawfully enforce the ABCT in Pender in the future; (2) issue permanent injunctions prohibiting Defendants, their employees and agents, and all persons acting under their direction, from enforcing the ABCT in Pender; and (3) any other such relief as this Court deems appropriate.

> RICHARD M. SMITH, DONNA SMITH, DOUG SCHRIEBER, SUSAN SCHRIEBER, RODNEY A. HEISE, THOMAS J. WELSH, JAY LAKE, JULIE LAKE, KEITH BREHMER, and RON BRINKMAN, Plaintiffs.

BY: OGBORN SUMMERLIN & OGBORN, P.C.
     V. GENE SUMMERLIN - 19611
     MARNIE A. JENSEN - 22380
     610 J Street, Suite 200
     Lincoln, NE 68508
     (402) 434-8040
     gene@osolaw.com
     marnie@osolaw.com

BY: /s/ Gene Summerlin
     V. Gene Summerlin - 19611

9