IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD M. SMITH, DONNA SMITH, DOUG SCHRIEBER, SUSAN SCHRIEBER, RODNEY A HEISE, THOMAS J WELSH, JAY LAKE, JULIE LAKE, KEITH BREHMER, and RON BRINKMAN, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 4:07CV3101 |
| V. | ) ) | |
| MITCH PARKER, In his official capacity as Chairman of the Omaha Tribal Council, BARRY WEBSTER, In his official capacity as Vice-Chairman of the Omaha Tribal Council, AMEN SHERIDAN, In his official capacity as Treasurer of the Omaha Tribal Council, RODNEY MORRIS, In his official capacity as Secretary of the Omaha Tribal Council, ORVILLE CAYOU, In his official capacity as Member of the Omaha Tribal Council, ELEANOR BAXTER, In her official capacity as Member of the Omaha Tribal Council, and ANSLEY GRIFFIN, In his official capacity as Member of the Omaha Tribal Council and as the Omaha Tribe's Director of Liquor Control, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) | |

This matter is before the court upon the plaintiffs' motion for a temporary restraining order, after a hearing at which evidence was received and oral arguments

were presented. Despite repeated efforts to notify the defendants of the time and place of the hearing, no defendant appeared in person and no lawyer appeared on behalf of any of the defendants. The record does reflect, however, that lawyers who have previously represented some or all of the defendants have acknowledged receipt of notice of the hearing. (Court's Exhibit 1.)

In <u>Dataphase Systems, Inc. v. C L Systems, Inc.</u>, 640 F.2d 109 (8th Cir. 1981), the court, sitting en banc, clarified the standard district courts should apply when considering a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

<u>Id.</u> at 114.

"No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." <u>United Indus. Corp. v. Clorox Co.</u>, 140 F.3d 1175, 1179 (8th Cir. 1998). At base,

> the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . .
>
>           . . . .
>
> [W]here the balance of other factors tips decidedly toward movant a preliminary injunction may issue if movant has raised questions so serious and difficult as to call for more deliberate investigation.

<u>Dataphase</u>, 640 F.2d at 113.

I believe that the Dataphase case must be applied to temporary restraining order situations. That said, and emphasizing that my mind may well be changed by a better developed record and briefing, I find and conclude that the factors set forth in Dataphase tip in favor of the plaintiffs to a degree sufficient to warrant issuance of a temporary restraining order. Moreover, given that the status quo will be maintained by this temporary restraining order, and that the interests of the defendants will not be harmed in any way by issuance of this temporary order, I find that no bond or surety need be posted at this time. Therefore,

IT IS ORDERED that:

1. Pursuant to Fed. R. Civ. P. 65(b), the defendants, and each of them, together with their servants, agents and employees, in both their official and individual capacities, are herewith restrained and prohibited from enforcing the Omaha Tribe's Beverage Control Ordinance in Pender, Nebraska. To that extent, the plaintiffs' motion (filing 5) for temporary restraining order is granted.

2. Pursuant to Fed. R. Civ. P. 65(c) and (d) no bond or surety need be posted, but Plaintiffs, through their counsel, shall provide notice of this temporary restraining order to all affected persons or parties.

3. After consultation with Defendants' counsel, Plaintiffs' counsel shall contact the judicial assistant for the undersigned United States District Judge to schedule a telephone conference call between counsel for the parties and the undersigned United States District Judge, during which the parties shall be prepared to schedule a hearing on Plaintiffs' request for a preliminary injunction and to address whether the hearing and trial on the merits shall be consolidated pursuant to Fed. R. Civ. P. 65(a)(2).

4. Unless extended by further order of the court, this temporary restraining order shall expire at the end of ten (10) days following its entry.

DATED this day of 17th day of April, 2007, at approximately 2:37 P.M. at Lincoln, Nebraska.

BY THE COURT:

*s/Richard G. Kopf*
United States District Judge