IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE STATE OF NEBRASKA

| | |
|---|---|
| RICHARD M. SMITH, et al. | CASE NO. 4:07-cv-03101 |
| Plaintiffs, | |
| v. | DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS' |
| MITCH PARKER, et al. | MOTION TO ADD PARTY AND FILE SECOND AMENDED COMPLAINT |
| Defendants. | |

## I.
## INTRODUCTION

The Plaintiffs have filed a motion seeking to add the Village of Pender as a Plaintiff in this action. The Plaintiffs are presumably seeking to join Pender under the authority of Rule 20, F.R. Civ. P. as a permissive joinder. Their motion alleges that the Village of Pender has an interest in the litigation "because the Omaha Indian Tribe asserts that the Village of Pender is located within the boundaries of the Omaha Indian Reservation," and Pender's right to relief arises out of the same transactions involving common questions of fact and law.

Defendants, whom are not the Omaha Indian Tribe, but are tribal members named in their official capacity, oppose this motion because the Village of Pender has no relation to this dispute. The original Plaintiffs claim injury by virtue of the Defendants' threats to enforce the Alcoholic Beverage Control Title, part of the Omaha Tribal Code, requiring the Plaintiffs to license their liquor operations with tribal authorities or face threatened fines and proceedings. The Village of Pender is not threatened by the enforcement of such laws and does not have standing, real party in interest status, or grounds for permissive joinder.

Furthermore, there is now pending before this court a Motion to Dismiss this action because the Plaintiffs have failed to exhaust their remedies in Tribal Court where all matters

1

pertaining to this claim should first be addressed. Therefore, we respectfully urge the court to delay a decision on this motion until it has addressed the Motion to Dismiss and determined the proper venue for this proceeding.

## II.
## ARGUMENT

A.   **Standing.**

In Wilkinson v. U.S., 440 F.3d 970, 977 (8th Cir. 2006) the court states that in order to establish standing the following must exist:

> "For a plaintiff to have Article III standing, there must be: (i) an injury in fact, (ii) a causal connection between the injury and the challenged conduct, and (iii) a likelihood that a favorable decision by the court will address the alleged injury."

When a statute is being challenged, in order to show standing "a party that challenges a statute in Federal Court must demonstrate that it has suffered an 'injury in fact,' i.e., 'a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement.'" St. Paul Area Chamber of Commerce v. Gaertner, 439 F.3d 481, 485 (8th Cir. 2006).

The subject matter of this litigation is a challenge to the Omaha Tribal Officials' authority to enforce the Omaha Tribe of Nebraska statutes governing the sale of liquor on the Reservation. The Village of Pender has not alleged, and cannot show that it will be injured by the enforcement of this statute because it will not be required to issue a license, pay a fine, or be subject to the statute. Therefore, being unable to show any injury in fact like the other plaintiffs, it does not have standing as a plaintiff.

B.   **Real Party In Interest.**

Rule 17(a) F.R. Civ. P., provides that "[e]very action shall be prosecuted in the name of a real party in interest." A "real party in interest is a party who, under governing substantive law,

possesses the rights to be enforced." <u>Consul General of Republic of Indonesia v. Bill's Rentals, Inc.</u>, 330 F.3d 1041, 1045 (8th Cir. 2003).

A party who does not have standing, by definition certainly is not the party who possesses the rights to be enforced. The Plaintiffs in this action are challenging the applicability of the tribal liquor laws to them. That is what poses the threat of injury to the Plaintiffs. The Village of Pender is not threatened by the enforcement of these laws against the other Plaintiffs, except perhaps in some ethereal political way which cannot be the subject of a case or controversy.

    C.    **Permissive Joinder of Parties.**

Rule 20(a) of the F.R. Civ. P., provides in part:

> "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

Since the Village of Pender has not alleged any injury related to the subject of the action regarding the regulation of liquor transactions, its joinder would be improper because it has not alleged any justiciable right to relief in the context of this case. It may join in the request that Pender is not within the boundaries of the Omaha Indian Reservation, but the real relief sought is to enjoin the Defendants from enforcing its alcoholic beverage control title. That act is not directed at the Village of Pender in this case. Furthermore, since it is Plaintiffs' liquor businesses which are subject to Defendants' effort to enforce the Tribe's liquor laws, the Village of Pender has not and cannot claim a right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences . . . ." Pender's claim for relief is essentially alleged in a vacuum, and not in response to any direct threat posed by these liquor laws to the Village of

Pender. If Pender can be made a party based on its more or less bystander relationship to this litigation, any citizen residing in the area could become a party on one side or the other.

### III.
### CONCLUSION

We urge the court, in the first instance, to defer ruling on Plaintiffs' Motion to Add the Village of Pender as a Plaintiff until this court has ruled upon Defendants' Motion to Dismiss.

In the event the court chooses to rule on this motion now before ruling on the Motion to Dismiss, or at a later time, we urge the court to deny the motion for the above reasons.

Dated: September 13, 2007.

MITCH PARKER, In his official capacity as Chairman of the Omaha Tribal Council, BARRY WEBSTER, In his official capacity as Vice-Chairman of the Omaha Tribal Council, AMEN SHERIDAN, In his official capacity as Treasurer of the Omaha Tribal Council, RODNEY MORRIS, In his official capacity as Secretary of the Omaha Tribal Council, ORVILLE CAYOU, In his official capacity as Member of the Omaha Tribal Council, ELEANOR BAXTER, In her official capacity as Member of the Omaha Tribal Council, and ANSLEY GRIFFIN, In his official capacity as Member of the Omaha Tribal Council and as the Omaha Tribe's Director of Liquor Control, Defendants.

/s/ Patricia A. Zieg
By: Lyman L. Larsen - 12398
Don Dworak - 21710
Patricia A. Zieg - 14662
Stinson Morrison Hecker LLP
1299 Farnam St.
Omaha, NE 68102
Phone: (402) 342-1700
Fax: (402) 930-1701
Attorneys for the Defendants
llarsen@stinson.com
ddworak@stinson.com
pzieg@stinson.com

        and

Maurice Johnson – 19419
Tribal Attorney
Omaha Tribe of Nebraska
5062 South 108th St., #264
Omaha, NE 68137-2314
Tribal Office: (402) 837-5391
Cell: (402) 708-3494

<u>**CERTIFICATE OF SERVICE**</u>

    The undersigned hereby certifies that on the 13ay of September, 2007, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which sent electronic notification of such filing to all CM/ECF participants.

    /s/ Patricia A. Zieg_____
    Patricia A. Zieg

DB03/580031.0031/8008747.1/