IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THE VILLAGE OF PENDER, NEBRASKA, RICHARD M.. SMITH, DONNA SMITH, DOUG SCHRIEBER, SUSAN SCHRIEBER, RODNEY A. HEISE, THOMAS J. WELSH, JAY LAKE, JULIE LAKE, KEITH BREHMER, and RON BRINKMAN, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 4:07CV3101 |
| v. | ) ) ) | |
| MITCH PARKER, In his official capacity as Chairman of the Omaha Tribal Council, BARRY WEBSTER, In his official capacity as Vice-Chairman of the Omaha Tribal Council, AMEN SHERIDAN, In his official capacity as Treasurer of the Omaha Tribal Council, RODNEY MORRIS, In his official capacity as Secretary of the Omaha Tribal Council, ORVILLE CAYOU, In his official capacity as Member of the Omaha Tribal Council, ELEANOR BAXTER, In her official capacity as Member of the Omaha Tribal Council, and ANSLEY GRIFFIN, In his official capacity as Member of the Omaha Tribal Council and as the Omaha Tribe's Director of Liquor Control, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) | |

     This case raises the fascinating and difficult question of whether or not the Village of Pender, and the other plaintiffs' businesses, are physically within the Omaha Indian reservation such that the Omaha Tribe may regulate and tax liquor sales in Pender. Pending before me is a motion to amend seeking to add the Village of Pender as a plaintiff. Also pending before me is a motion urging that the case should be dismissed because the plaintiffs have failed to exhaust their tribal court remedies.

### *The Motion to Amend*

Despite the objection of the defendants, I will grant the motion to amend. Contrary to the assertion of the defendants, I conclude that the Village of Pender has Article III standing.

The second amended complaint attached to the motion to amend shall become the operative complaint and the plaintiffs shall immediately file the original of that complaint. To be clear, the Village of Pender is now a party to this litigation. I have captioned this case accordingly.

### *The Motion to Dismiss*

I will deny the motion to dismiss, but I will require the plaintiffs to exhaust whatever remedies they may have in the tribal court before I proceed any further with this case.[1] I will stay these proceedings for a reasonable time, but I will keep the temporary restraining order, regarding enforcement of the liquor regulations, in place.

By way of background, the plaintiffs have presented evidence that the Solicitor of the Department of Interior, the Nebraska Attorney General, and a Nebraska state court have all determined that the land in dispute is no longer a part of the Omaha reservation. (*See* Filing 6, Br. Supp. Mot. Temp. Restraining Order at CM/ECF pp. 8-9 (summarizing Aff. of J. Fenner, Pls.' Ex. 10(A)., Pls.' Ex. 12, Pls.' Ex. 16).) Nonetheless, it is not disputed that the land was once part of the reservation.

---

[1]This assumes that the tribal court will act rapidly to resolve the disputed issues once they are presented to the tribal court. If the plaintiffs believe that the tribal court is not proceeding expeditiously and in good faith, they may seek relief from the stay, assuming, of course, that the plaintiffs act promptly to seek relief from the tribal court. Everyone should keep in mind that the temporary restraining order entered against the defendants regarding enforcement of the liquor regulations remains in place.

While the briefing has been excellent, neither side has given me a case that is squarely on point regarding whether exhaustion is required in these circumstances. As a result, I must read the "tea leaves." Having done the best I can, I conclude that it would be wise to hear from the tribal court before I proceed further.[2] In particular, I conclude that where, as here, land was once in an Indian reservation, but there is also a non-frivolous argument that the land no longer remains in the Indian reservation, a stay of proceedings and a requirement of exhaustion is appropriate. *Cf. Duncan Energy Co. v. Three Affiliated Tribes*, 27 F.3d 1294, 1299 (8th Cir. 1994) (after determining that the appellee's contention that land had been withdrawn from the reservation by a 1910 Congressional law was in error, reversing summary judgment and requiring exhaustion, stating that: "Because a federal court's exercise of jurisdiction over matters relating to reservation affairs can impair the authority of tribal courts, the Supreme Court has concluded that, as a matter of comity, the examination of tribal *sovereignty* and *jurisdiction* should be conducted in the first instance by the tribal court itself.") (emphasis added) (citation omitted); *Petrogulf Corp. v. Arco Oil & Gas Co.*, 92 F. Supp. 2d 1111, 1115 (D. Colo. 2000) (owner of working interest in gas field sued mineral lessee on adjoining Indian trust lands for mineral trespass; even though neither party was an Indian, and plaintiff's alleged damage occurred on non-Indian land, the federal court required exhaustion; observing that the damage was allegedly caused by activities that took place on Indian land, the court stated: "*Enlow* teaches that . . . comity concerns . . . counsel against a federal court addressing boundary disputes involving Indian land before a tribal court has had an opportunity to do so.") (citing *Enlow v. Moore*, 134 F.3d 993, 996 (10th Cir. 1998)).

Evidently appreciating the uncertain state of the law, the defendants concede that "if the court deems it more appropriate, it can stay this action for a reasonable period of time pending the Plaintiffs['] efforts to seek relief with the Omaha Tribal Courts." (Filing 34, at CM/ECF pp. 14-15.) Suffice to state that I deem it more appropriate to stay this matter rather than dismiss it. *See Duncan Energy Co.*, 27 F.3d at 1303 (where Judge Loken, in a concurring opinion, stated

---

[2]To be clear, I do not decide whether or to what extent I will be bound by any decision of the tribal court. The deference, if any, owed to a tribal court decision will be determined later.

that "it would be an unwarranted abdication of the district court's jurisdiction to dismiss the case at this time" and the "court should grant a stay for a reasonable period").

IT IS ORDERED that:

1. The motion to amend the complaint (filing 51) is granted. The plaintiffs shall immediately file the second amended complaint as a separate filing.

2. The motion to dismiss (filing 33) is denied.

3. This case is stayed to allow the plaintiffs to exhaust such remedies as they may have in the Omaha Tribal Courts. Plaintiffs are directed to promptly proceed to exhaust their remedies and the defendants are ordered to cooperate with the plaintiffs in seeing to it that the process of exhaustion is completed in a timely fashion. Counsel for the plaintiffs and counsel for the defendants shall file joint status reports with the Clerk of Court on January 4, 2008, and every 120 days thereafter, advising the court of the status of this matter and whether the stay may be lifted.

4. The temporary restraining order (filings 16 & 24) remains in place and the defendants remain bound by its terms during the pendency of the stay.

5. For the sake of housekeeping, the Clerk of Court shall terminate the "Joint Stipulation" (filing 29) to the extent the Clerk has treated it as a pending motion.

6. My chambers shall advise Judge Piester of the contents of this order.

October 4, 2007.                            BY THE COURT:
                                            s/*Richard G. Kopf*
                                            United States District Judge