# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD M. SMITH, et al., | ) )  ) |
| Plaintiffs, | ) |
| and | ) ) |
| STATE OF NEBRASKA, | ) ) |
| Plaintiff-Intervenor | ) ) |
| v. | )   Case No. 4:07-cv-3101 |
| MITCH PARKER, in his official capacity as Chairman of the Omaha Tribal Council, et al., | ) ) ) |
| Defendants, | ) |
| and | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant-Intervenor | ) ) ) |

## ANSWER OF INTERVENOR-DEFENDANT UNITED STATES
## TO PLAINTIFFS' SECOND AMENDED COMPLAINT

The United States, as Intervenor-Defendant ("Intervenor"), respectfully submits this Answer to Plaintiffs' Second Amended Complaint. Any allegations not specifically referenced herein are denied.

## PARTIES

1. Intervenor admits that the Village of Pender is the County Seat of Thurston County, Nebraska, but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1 and on that basis, denies the allegations.

2. Paragraph 2 consists of characterizations of plaintiffs Richard M. Smith and Donna Smith which require no response. To the extent a response is required, Intervenor lacks

sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 and on that basis, denies the allegations.

3. Paragraph 3 consists of characterizations of plaintiffs Jay and Julie Lake which require no response. To the extent a response is required, Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 and on that basis, denies the allegations.

4. Paragraph 4 consists of characterizations of plaintiffs Doug and Susan Schrieber which require no response. To the extent a response is required, Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and on that basis, denies the allegations.

5. Paragraph 5 consists of characterizations of plaintiff Thomas J. Welsh which require no response. To the extent a response is required, Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 and on that basis, denies the allegations.

6. Paragraph 6 consists of characterizations of plaintiff Rodney A. Heise which require no response. To the extent a response is required, Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 and on that basis, denies the allegations.

7. Paragraph 7 consists of characterizations of plaintiff Keith Brehmer which require no response. To the extent a response is required, Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 and on that basis, denies the allegations.

8. Paragraph 8 consists of characterizations of plaintiff Ron Brinkman which require no response. To the extent a response is required, Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 and on that basis, denies the allegations.

9. Paragraph 9 consists of characterizations of defendant Mitch Parker, which require no response. To the extent a response is required, Intervenor denies that Mr. Parker is the Chairman of the Omaha Tribe.

10. Paragraph 10 consists of characterizations of defendant Barry Webster, to which no response is required. To the extent a response is required, Intervenor denies that Mr. Webster is the Vice-Chairman of the Omaha Tribal Council.

11. Paragraph 11 consists of characterizations of defendant Amen Sheridan, to which no response is required. To the extent a response is required, Intervenor denies that Amen Sheridan is Treasurer of the Omaha Tribal Council.

12. Paragraph 12 consists of characterizations of defendant Rodney Morris, which require no response. To the extent a response is required, Intervenor denies that Mr. Morris is Secretary of the Omaha Tribal Council.

13. Paragraph 13 consists of characterizations of defendant Orville Cayou, which require no response. To the extent a response is required, Intervenor denies that Mr. Cayou is member of the Omaha Tribal Council.

14. Paragraph 14 consists of characterizations of defendant Eleanor Baxter, which require no response. To the extent a response is required, Intervenor denies that Ms. Baxter is a member of the Omaha Tribal Council.

15. Paragraph 15 consists of characterizations of defendant Ansley Griffin, which require no response. To the extent a response is required, Intervenor denies that Mr. Griffin is a member of the Omaha Tribal Council and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 15 and on that basis, denies the allegations.

16. The allegations in Paragraph 16 consist of Plaintiffs' characterization of this suit, the manner and capacity in which the Defendants are sued, and the relief which is sought, to which no response is required. Intervenor denies the factual and legal sufficiency of Plaintiffs' claims, and denies that Plaintiffs are entitled to any relief in this case.

## JURISDICTION AND VENUE

17. The allegations in Paragraph 17 consist of Plaintiffs' characterization of this suit and conclusions of law, to which no response is required.

18. The allegations in Paragraph 18 state legal conclusions to which no response is required.

19. The allegations in Paragraph 19 state legal conclusions to which no response is required.

## INTRODUCTION

20. Denied.

21. Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21, and on that basis denies the allegations.

22. Denied.

23. Denied.

24.     Intervenor denies the Plaintiffs' characterization of their businesses as "off-reservation."  Intervenor admits that the Tribe adopted a beverage control ordinance containing, *inter alia*, provisions regarding tribal liquor licensing and taxes applicable within the Omaha Tribe's reservation.  Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 24, and on that basis denies the remaining allegations.

25.     Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25, and on that basis denies the allegations.

26.     Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26, and on that basis denies the allegations.  Intervenor admits that the Plaintiffs have attached to other pleadings certain notices from the Omaha Tribe regarding the Alcoholic Beverage Control title, Title 8 of the Omaha Tribal Code, which notices speak for themselves, and Intervenor denies any characterization inconsistent therewith.

27.     Intervenor denies that Plaintiffs are on "non-reservation lands."  Intervenor states further that the allegations in Paragraph 27 consist of Plaintiffs' characterization of this suit and conclusions of law, to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

28.     The allegations in Paragraph 28 consist of Plaintiffs' characterization of this suit and conclusions of law, to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

29.     The allegations in Paragraph 29 consist of Plaintiffs' characterization of this suit and conclusions of law, to which no response is required.  To the extent a response is required,

Intervenor denies the allegations.  Intervenor denies that Plaintiffs are entitled to any relief in this case.

## FACTUAL ALLEGATIONS

### The Liquor and Tax Scheme

30. Intervenor admits that the Bureau of Indian Affairs, U.S. Department of the Interior, published a Notice titled "Amendment (Title 8 of the Tribal Code) to Omaha Tribe's Beverage Control Ordinance" at 71 Fed. Reg. 10056 (Feb. 28, 2006) (the "Notice"), but denies that the Notice is attached to the Second Amended Complaint.

31. The allegations in Paragraph 31 characterize the Notice, which speaks for itself, and Intervenor denies any characterization inconsistent therewith.

32. The allegations in Paragraph 32 characterize the Notice, which speaks for itself, and Intervenor denies any characterization inconsistent therewith.

33. The allegations in Paragraph 33 characterize the Notice, which speaks for itself, and Intervenor denies any characterization inconsistent therewith.

34. The allegations in Paragraph 34 characterize the Notice, which speaks for itself, and Intervenor denies any characterization inconsistent therewith.

35. Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35, and on that basis denies the allegations.  Intervenor admits that the Plaintiffs have attached to other pleadings certain notices from the Omaha Tribe regarding the Alcoholic Beverage Control title, Title 8 of the Omaha Tribal Code, which notices speak for themselves, and Intervenor denies any characterization inconsistent therewith.

36. Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36, and on that basis denies the allegations.

37. Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37, and on that basis denies the allegations.

**The Location and Nature of the Liquor Retailers**

38. Denied.

39. Denied.

40. Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40, and on that basis denies the allegations.

41. Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41, and on that basis denies the allegations.

42. Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42, and on that basis denies the allegations.

43. Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43, and on that basis denies the allegations.

44. Admitted.

45. Intervenor admits that Pender is situated on land that lies west of the Sioux City and Nebraska Railroad right-of-way, but refers the Court to the 1882 Act of Congress, 22 Stat. 341 (the "1882 Act"), for the manner in which that term, and other terms, are defined and utilized in the 1882 Act.

46. The allegations in Paragraph 46 characterize a statute, which speaks for itself and is the best evidence of its contents, and Intervenor denies any characterization inconsistent therewith. Intervenor specifically denies that land west of the railroad right of way was opened exclusively to non-Indian settlement. Intervenor also denies the allegations in Paragraph 46 to

the extent they allege or imply that the 1882 Act in any way diminished the Omaha Tribe's reservation.

47. The allegations in Paragraph 47 characterize a statute, which speaks for itself and is the best evidence of its contents, and Intervenor denies any characterization inconsistent therewith. Intervenor specifically denies that land west of the railroad right of way was opened exclusively to non-Indian settlement, or that land west of the railroad right of way constituted only unallotted, non-trust land. Intervenor also denies the allegations in Paragraph 47 to the extent they allege or imply that the 1882 Act in any way diminished the Omaha Tribe's reservation.

48. The allegations in Paragraph 48 characterize a statute, which speaks for itself and is the best evidence of its contents, and Intervenor denies any characterization inconsistent therewith. Intervenor admits that some of the land west of the railroad right of way was opened to settlement by non-Indians, but denies that the land was sold to and settled by non-Indians exclusively. Intervenor also denies the allegations in Paragraph 48 to the extent they allege or imply that the 1882 Act in any way diminished the Omaha Tribe's reservation.

49. The allegations in Paragraph 49 characterize a statute, which speaks for itself and is the best evidence of its contents, and Intervenor denies any characterization inconsistent therewith. Intervenor specifically denies that the allegations in Paragraph 49 are contained within the 1882 Act.

50. Denied.

51. Denied.

52. Denied.

53. Intervenor avers that the State of Nebraska retroceded its criminal jurisdiction over the Omaha Tribe's reservation, which was defined as including the Village of Pender, back to the federal government in 1970, except for "offenses involving the operation of motor vehicles on public roads or highways." 35 Fed. Reg. 16,598 (Oct. 16, 1970). Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 53, and on that basis denies the allegations.

54. Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 54, and on that basis denies the allegations. Intervenor denies the allegations in the second sentence of Paragraph 54.

55. Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 55, and on that basis denies the allegations. Intervenor denies that the amount of allotment or trust land west of the railroad right of way has any bearing on the legal issues in this case. Intervenor states that the 1882 Act expressly provided for allotments in the Disputed Area, that allotments were made in the Disputed Area, and that the Tribe owns property in the Disputed Area.

56. Intervenor denies the allegations in Paragraph 56 as inaccurate and incomplete regarding the formal legal positions of the entities described therein. Intervenor states that federal agencies, including the Bureau of Indian Affairs of the United States Department of the Interior, have determined that Pender is within the boundaries of the Omaha Tribe's reservation. Intervenor states further that the United States Congress did not change the boundaries of the Omaha Tribe's reservation by the 1882 Act or any other action. Finally, Intervenor states that opinions from Thurston County District Court and the Nebraska Attorney General have no legal bearing on the reservation boundaries of the Omaha Tribe.

57. Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57, but states that Pender is part of the Omaha Indian Reservation and, upon information and belief, The Omaha Tribe has applied the Omaha Tribe's liquor ordinance to liquor retailers, including some of the plaintiffs.

**FIRST CLAIM FOR RELIEF**
(Violation of 18 U.S.C. § 1161)

58. Intervenor restates and incorporates its responses to Paragraphs 1 through 57.

59. Admitted.

60. Denied.

**SECOND CLAIM FOR RELIEF**
(Exceeding Tribal authority under Federal Common Law)

61. Intervenor restates and incorporates its responses to Paragraphs 1 through 60.

62. Denied.

63. Denied.

**Plaintiffs' Prayer for Relief**

The allegations contained in the remaining, unnumbered paragraphs of Plaintiffs' Second Amended Complaint constitute a prayer for relief to which no response is required. To the extent a further response is required, Intervenor denies that Plaintiffs are entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' claims are barred in whole or in part for failure to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred in whole or in part because Pender and the Plaintiffs' businesses are located within the boundaries of the Omaha Tribe's reservation, as established by the Treaties of 1854 and 1865.

3. Plaintiffs' claims are barred in whole or in part because the Omaha Tribe's reservation boundaries have not been reduced or diminished (by the 1882 Act or otherwise).

4. Plaintiffs' claims are barred in whole or in part based on reasonable statutory interpretation by federal agencies, including the Bureau of Indian Affairs of the U.S. Department of the Interior, that the 1882 Act did not reduce or diminish the boundaries of the Omaha Tribe's reservation, a conclusion that is neither arbitrary, capricious, nor manifestly contrary to the statute.

5. Plaintiffs' claims are barred in whole or in part because Plaintiffs could not have reasonably relied on any opinion that the boundaries of the Omaha Tribe's reservation were diminished.

6. The claims of Plaintiff Village of Pender, Nebraska, are barred in whole or in part for lack of standing.

7. Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel and/or waiver.

8. Intervenor reserves the right to assert all other affirmative defenses that may be revealed subsequent to this filing.

WHEREFORE, Intervenor respectfully requests the Court to dismiss this action with prejudice, enter judgment in favor of the Defendants and against the Plaintiffs, and grant such other relief the Court deems just and proper.

Dated: June 19, 2013						Respectfully submitted,


								ROBERT G. DREHER
								Acting Assistant Attorney General
								Environment and Natural Resources Division


								   /s/  *Daron T. Carreiro*
								DARON T. CARREIRO, Trial Attorney
Of Counsel:							Indian Resources Section
								Environment and Natural Resources Division
Rebecca Ross, Attorney-Advisor					United States Department of Justice
U.S. Department of the Interior					P.O. Box 7611
Office of the Solicitor						Ben Franklin Station
1849 C Street N.W.						Washington, D.C. 20044-7611
Washington, D.C. 20240						Phone: (202) 305-1117
Phone: (202) 208-4218						Fax: (202) 305-0275
rebecca.ross@sol.doi.gov					daron.carreiro@usdoj.gov

								Attorneys for the United States

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2013, I electronically filed the foregoing Answer of Intervenor-Defendant United States to Plaintiffs' Second Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing (NEF) to all registered CM/ECF users in this case.

    /s/ *Daron T. Carreiro*
Daron T. Carreiro, Trial Attorney
Indian Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611
Phone: (202) 305-1117
Fax: (202) 305-0275
daron.carreiro@usdoj.gov